IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| REASSURE AMERICA LIFE INSURANCE COMPANY, | : : : | Case No.: 3:11-CV-00425 |
| Plaintiff, | : : | Judge Thomas Rose |
| vs. | : : : | Magistrate Michael Newman |
| MONIQUE R. KERRIGAN, | : : | |
| And | : : | |
| AARON S. KERRIGAN, | : : | |
| And | : : | |
| LUCY M. KERRIGAN, | : : | |
| And | : : | |
| SOPHIE M. KERRIGAN, | : : | |
| Defendants. | : | |

**ENTRY GRANTING DEFAULT JUDGMENT IN FAVOR
OF PLAINTIFF, REASSURE AMERICA LIFE INSURANCE COMPANY,
AND GRANTING FINAL DECREE OF INTERPLEADER
IN FAVOR OF DEFENDANT MONIQUE R. KERRIGAN**

This cause comes before the Court upon the Motion of the Plaintiff, Reassure America Life Insurance Company (hereinafter "Reassure America"), for Entry of Default Judgment against Defendants, Aaron S. Kerrigan, Lucy M. Kerrigan, and Sophie M. Kerrigan, by and through her parent and Legal Guardian, Janet M. Carpenter.  By its Motion and Memorandum in Support, Reassure America moves the Court to enter a default judgment declaring, *inter alia*, that Monique R. Kerrigan is the proper and sole beneficiary of the Policy proceeds and is entitled to payment of same.  Reassure America further moves the Court to declare that Aaron S.

Kerrigan, Lucy M. Kerrigan, and Sophie M. Kerrigan are not entitled to any proceeds from the Policy and to declare that any claims to the Policy that they have made or may make, now or in the future, are forever barred and extinguished.  Based upon Reassure America's Motion and the record before it, due notice having been given and the Court being fully advised, the Court finds as follows:

    1.    This Court has subject matter jurisdiction over this action.

    2.    This Court has personal jurisdiction over each of the Defendants.

    3.    All parties have been properly served with process.

    4.    On or about June 18, 1999, Reassure America issued a life insurance policy (the "Policy") to Steven G. Kerrigan ("Decedent").

    5.    Decedent passed away on March 14, 2011.

    6.    Defendants Aaron S. Kerrigan, Lucy M. Kerrigan, and Sophie M. Kerrigan are the surviving children of the Decedent.

    7.    Defendant Monique R. Kerrigan is the widow of the Decedent.

    8.    On or about May 16, 2011, Reassure America received a letter from an attorney who identified himself as representing Defendants Aaron S. Kerrigan, Lucy M. Kerrigan, and Sophie M. Kerrigan (hereinafter "Defendant Kerrigan Children").  In his initial letter and in several subsequent letters, counsel for the Defendant Kerrigan Children asserted that his clients were entitled to a distribution from the proceeds of the Policy.  Counsel for the Defendant Kerrigan Children advanced certain legal and factual arguments in support of this contention.

    9.    By and through their attorney, the Defendant Kerrigan Children asserted that they were in possession of, *inter alia*, a document authored by the Decedent stating that the beneficiaries under the policy were supposed to be the three children.

10. By and through their attorney, the Defendant Kerrigan Children provided Reassure America with certain documents which they asserted constituted "Credible Evidence of Intent" on the part of the Decedent to name the Defendant Kerrigan Children as beneficiaries under the Policy. Among the documents provided was an email purportedly authored by the Decedent on May 20, 2010, in which the Decedent purportedly advised the mother of the Defendant Kerrigan Children that the Policy "is going to the kids." In this same letter and enclosed documents, the Defendant Kerrigan Children also identified other purported witnesses who were allegedly prepared to testify as to their conversations with Decedent concerning his final wishes.

11. The Defendant Kerrigan Children also asserted that certain proceeds may have been payable to them pursuant to the terms and conditions of a divorce decree entered into between the Decedent and the mother of the Defendant Kerrigan Children.

12. By and through their attorney, the Defendant Kerrigan Children made a written demand upon Reassure America that no payments be made on the proceeds due under the Policy "until further notice."

13. Defendant Monique Kerrigan, the widow of the Decedent, by and through her counsel, has asserted and continues to assert that she is the sole beneficiary under the Policy and that she is entitled to the entire proceeds payable under the Policy.

14. On December 1, 2011, Reassure America filed its Complaint for Interpleader against Defendants Monique R. Kerrigan, Aaron S. Kerrigan, Lucy M. Kerrigan, and Janet M. Carpenter, in her capacity as parent and Legal Guardian of Sophie M. Kerrigan. Reassure America brought this action to resolve the competing claims and to determine the true and correct person to whom to pay the benefits.

15. Service of the Complaint for Interpleader was made via certified mail upon Defendant Lucy M. Kerrigan on May 16, 2012. *See* Doc. #: 10. Service of the Complaint for Interpleader was made via certified mail upon Defendant Aaron S. Kerrigan on May 16, 2012. *See* Doc. #: 9. Service of the Complaint for Interpleader was made via certified mail upon Defendant Sophie M. Kerrigan, c/o Janet M. Carpenter, her parent and legal guardian, on May 16, 2012. *See* Doc. #: 11. Executed copies of the summonses reflecting service on each aforementioned Defendant have been filed with the Court.

16. To the date of this filing, Defendants Aaron S. Kerrigan, Lucy M. Kerrigan, and Janet M. Carpenter, in her capacity as parent and Legal Guardian of Sophie M. Kerrigan, have each failed to answer, plead or otherwise respond to the Complaint and the time to do so has expired.

17. On June 13, 2012, upon application filed by Reassure America, the Clerk signed an Entry of Default against the Defendants Aaron S. Kerrigan, Lucy M. Kerrigan, and Janet M. Carpenter, in her capacity as parent and Legal Guardian of Sophie M. Kerrigan, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* Doc. #:14.

18. In light of the foregoing, the Court finds that Reassure America's Motion for Default Judgment is well taken and that Reassure America is entitled to default judgment against Defendants Aaron S. Kerrigan, Lucy M. Kerrigan, and Janet M. Carpenter, in her capacity as parent and Legal Guardian of Sophie M. Kerrigan, pursuant to Rule 55(a) and (b) of the Federal Rules of Civil Procedure.

19. The Court further finds that good cause exists for the Court to enter a Final Decree of Interpleader in favor of Defendant, Monique R. Kerrigan.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that

1. Judgment is granted in favor of the Plaintiff, Reassure America Life Insurance Company, and against Defendants, Aaron S. Kerrigan, Lucy M. Kerrigan, and Janet M. Carpenter, in her capacity as parent and Legal Guardian of Sophie M. Kerrigan, for all relief requested in Reassure America's Complaint for Interpleader.

2. The Court finds that Defendant Monique R. Kerrigan is entitled to the proceeds payable under the Policy at issue herein.

3. The Court finds that Defendants Aaron S. Kerrigan, Lucy M. Kerrigan, and Sophie M. Kerrigan are not entitled to any proceeds from the life insurance Policy which was issued to Decedent on or about June 18, 1999, and which is at issue herein. Any claim of entitlement to any benefits under the Policy that Aaron S. Kerrigan, Lucy M. Kerrigan, and Sophie M. Kerrigan have made or may make, now or in the future, is hereby forever barred and extinguished in its entirety.

4. Defendants Aaron S. Kerrigan, Lucy M. Kerrigan, and Sophie M. Kerrigan, along with their agents, attorneys, or representatives, and all persons claiming by, through, or under them, are hereby enjoined and restrained from instituting or prosecuting any suit, proceeding or action in any State or United States court against Reassure America concerning the Policy or the interpleader property.

5. Upon payment of the proceeds payable under the Policy to Defendant Monique R. Kerrigan, Reassure America shall be released from all further liability to each Defendant and all persons claiming by, through, or under them with respect to the Policy and the proceeds due under the Policy.

6. Upon payment of the proceeds payable under the Policy to Defendant Monique Kerrigan, Reassure America shall be dismissed with prejudice from further proceedings in this action.

7. The Court finds that Reassure America's Complaint for Interpleader was properly filed under Rule 22.

July 10, 2012
Date

s/Thomas M. Rose
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

/ s / Brian J. Augustine
William R. Ellis (0047090)
Brian J. Augustine (0084818)
Roetzel & Andress, LPA
250 East Fifth Street, Suite 310
Cincinnati, OH 45202
Telephone: 513.361.0200
Facsimile:  513.361.0335
Wellis@ralaw.com
Baugustine@ralaw.com

*Attorneys for Plaintiff,*
*Reassure America Life Insurance Company*